The opinion of the court was delivered by
Spencer, J.
This is a direct action brought by plaintiff against Mrs. Julia Baer (wife of Mayer), and her vendees, L. Bodenheimer and Mrs. Marx Baer, in which plaintiff charges that he is a judgment creditor of Julia Baer — that she was insolvent on the 11th December, 1874 — that on that day she executed what purported to be two acts of sale ; one of a house and lot in Shreveport, to L. Bodenheimer, and one of sixty-acre tract of land to Mrs. Marx Baer.
He charges that these “pretended sales were and are fraudulent simulations and shams, entered into by said parties respectively to de *1204 fraud the creditors of said Julia Baer, etc. That said Julia Baer never delivered said property to said pretended purchasers, but has continued in possession of the same herself all the time — that the pretended consideration of said sales has never been paid, etc.” He further alleges “ that if said pretended sales had any reality or substance at all — which is denied — they were separately and collectively acts done in fraud of petitioner’s rights, knowingly and willfully by the parties thereto, etc.” “ That if said Bodenheimer and Mrs. Marx Baer were creditors,” the said acts gave them a fraudulent preference, etc. He prays that said property be decreed to belong to his debtor, and that said acts be annulled and avoided in so far as they affect him, etc.
Defendants, Mrs. Mayer and Bodenheimer, filed an exception of misjoinder, in this, that they could not be joined as co-defendants with Mrs. Marx Baer. This exception was manifestly not well taken so far as Mrs. Mayer, the vendor, was concerned — she was necessarily joined with her vendees as defendant. Indeed, we see no legal objection to the joinder of Bodenheimer and Mrs. Marx Baer as co-defendants, since they are charged with conspiring with the debtor to defraud her creditors. Williams vs. Hawthorne, 14 A. 625. But whether this be so or-not, it is unnecessary to decide, since before trial of the exception the-plaintiff dismissed his suit as to Mrs. Marx Baer. Bodenheimer has no right to complain of this, since it left him precisely where he claimed a right to be, i. e., to test his title separately and on its own merits.
The next plea filed by defendants was one to compel plaintiff to elect, between the two grounds of his demand, to wit: simulation and fraud,. on the ground that they are inconsistent. We have quoted the substance of plaintiff’s allegations. We see no inconsistency in saying that-a sale is simulated, and if not simulated, that it is fraudulent. It is very like claiming a right by two titles. It has been held not inconsistent pleading to claim to be owner of a thing, and if not owner a privileged creditor on it.
When sales are attacked by a direct action, there is no reason why the party may not demand relief from them by alleging simulation or fraud, or both. We are not disposed to hamper the remedies of creditors, who resort to direct actions, by doubtful technicalities. In the class of cases now under consideration, the widest latitude should be given them, for they are necessarily to a great degree uninformed as to the precise relation existing between their debtor and his coadjutors in wrong-doing — often they are compelled to strike in the dark. If the purchaser’s title is an honest one, it is better for him that the double test be applied in one, instead of two suits. Little ground is there for him to complain, when he is called upon by citation and petition to verify the truth and reality of his title. The prayer of plaintiff’s petition is broad *1205 ■enough, to cover our decree, whether we hold the sale to be simulated or -fraudulent.
Under the view we have taken of the merits of this ease, the plea of ■prescription bacomes immaterial, since "we think that there is rarely found in judicial proceedings a clearer, bolder simulation than is disclosed by this record.
We find the facts to be as follows Leopold Baer, a merchant of ¡Shreveport, died during the epidemic, in September, 1873. He left considerable property — real and personal — a stock of goods, and credits. He made his wife, Mrs. Julia Baer (now Mayer), defendant herein, his sole heir and universal legatee. The will was probated, and by order of court she was put into absolute and unconditional possession. From -that time she treated all the effects of the succession as her own — disposed of the goods, and collected the assets. -There were large debts ■outstanding against the estate for which she became liable, and several of them were put into judgment against her — among them that of plaintiff. The personal property all disappeared, and there were only three ■pieces of real property, to wit: the dwelling sold to Bodenheimer, the tract of land sold to Mrs. Marx Baer, and a store in Shreveport — the latter incumbered by special mortgages fully up to its value. The defendants’ counsel admit the existence of debts to amount of over $13,000 on 11th December, 1874 We think evidence shows a greater sum'. The only tangible property shown was the three pieces of real estate. The evidence satisfies us that after the depreciation in property took place in consequence of the epidemic and other causes in 1873 the debts exceeded considerably the property available for their payment.- Mrs. Julia Baer was insolvent. On the 11th December, 1874, by public act she sold her residence to Bodenheimer for $2400 — acknowledging one •third cash, and notes at one and two years for the balance, with interest; •she retains no mortgage or privilege. On same day she sold the sixty acres of land to her sister-in-law, represented by her husband, Marx Baer, for $1500 cash. The store, as we have said, was deeply mortgaged, -and afterward sold out for little over- half the mortgage debt.
Bodenhei-mer was a witness to the act of sale to Mrs. Marx Baer, was the intimate friend of the deceased, Leopold Baer, who was a mer■chant in good standing before his death in 1873. Bodenheimer was the partner of Levy, who, after L. Baer’s death, acted as agent and adviser ■of the widow, till her remarriage with Mayer. Mrs. Julia Baer, the vend- or of Bodenheimer, was living in the house at the time of the’ sale, and has ever since continued to live in it. She was not sworn as a witness. Bodenheimer was. He swears that the sale was bona fide. That the ■cash payment of $800 was the amount of a debt due him by L. Baer ■since 1869, for which he never took or had any written evidence. That ■he has never paid either of the notes given for the price. That he rented *1206 the house to his vendor at $30 a month ever since he purchased it, but-has never collected or demanded the rent up to date of his testimony,, over three years after he acquired the property. He says he paid the taxes and insurance on it; and he intended to have the rents credited on his notes. This in one place he assigns as a- reason for not paying-them, leaving the inference that his vendor was to take the price out in rents. In another place he says he did not pay them because there was a suit against him for about ten feet of the lot. That suit was preceded, by a trespass upon this property. The claimant tore down and moved a division fence. Before doing so he sent a messenger to Bodenheimer informing him of his intention, and asking him to come and see about it. Bodenheimer replied that “ he had nothing to do with it.” Mrs. Julia-. Baer, the occupant, protested violently against a man who would thus: “ possess himself of a widow woman’s property,” and said “ go and see Mr. Bodenheimer, he is the agent of my affairs.” The old adage is, “ in-vino veritas.” The same is true of anger. These are small and apparently trifling circumstances, when weighed against the high-sounding-periods of an authentic act. But straws are better indicators of the course of the wind than are the marble columns of some imposing temple. It is at unguarded moments that truth eludes the vigilance of fraud' and exposes it to detection. “ Trifles light as air” may become “ confirmations strong as proofs of Holy Writ.”
When we group all the facts of this case together — the insolvency of the debtor — the relations of intimate friendship between the parties— the stale debt (of more than doubtful existence) which is made to fill the role of cash payment — the continued possession of the vendor — the lease, with no payments of rent — the non-payment of any part of the-notes given for the price — the indifference of the purchaser as to improvements made upon the property, and as to a very flagrant trespass-upon it — the indignant ■ assertion of ownership by the vendor in a moment of forgetfulness — who can doubt, especially in the face of the legal presumptions of articles 2480 and 3556, No. 25, that this whole transaction is a bold and fraudulent simulation, gotten up and concocted for-the purpose of defrauding the creditors of Mrs. Julia Baer ? We do not doubt it, and shall so decree.
It is therefore ordered, adjudged, and decreed that the judgment-appealed from be avoided and reversed, and it is now decreed that the-sale made by Mrs. Julia Baer to Lazarus Bodenheimer, of the property described in plaintiff’s petition of date December 11th, 1874, be and the-same is declared a fraudulent simulation, and null and void, and that-the same is liable and subject to plaintiff’s judgment and mortgage.
It is further decreed that defendants pay costs of both courts, except, those incurred in the lower court by process against Mrs. Marx Baer.